JOHN P. WYSONG AND CHRISTINA V. WYSONG, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wysong v. Commissioner
Docket No. 7370-87.
United States Tax Court
T.C. Memo 1988-344; 1988 Tax Ct. Memo LEXIS 379; 55 T.C.M. (CCH) 1456; T.C.M. (RIA) 88344; August 3, 1988. John L. Schliesmann,Steven P. Schneider, and Anthony J. Handzlik, for the petitioners. Mark D. Petersen, for the respondent. KORNER
MEMORANDUM FINDINGS OF FACT AND OPINION KORNER, Judge: In his notice of deficiency, respondent determined deficiencies in petitioners' Federal income tax and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(a)(1) [1]
Sec. 6653(a)(2)
1981
$ 3,938
$ 197
*
1982
4,748
237 **
*381 After concessions by respondent, the sole issue for decision is whether interest earned on certificates of deposit held in a trust is includable in petitioners' taxable income FINDINGS OF FACT The facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. The case was submitted to the Court without trial pursuant to the provisions of Rule 122. Petitioners resided in Midlothian, Virginia, when they filed their petition herein. They filed joint Federal income tax returns for both the years at issue. On July 12, 1981, petitioner John P. Wysong ("John") executed an agreement entitled the "Wysong 1981 Family Investment Trust" (the "trust"). The agreement appointed petitioner Christina V. Wysong ("Christina") as the trust's sole trustee, and granted her the authority to distribute the trust's net income and principal to petitioners' minor children. The agreement denied Christina the authority to make distributions that would discharge petitioners' legal obligation to support their children. On July 30, 1981, a series of transactions took place. First, John obtained a $ 200,000 loan from the *382 First Wisconsin National Bank of Milwaukee (the "bank"). On that same day, John loaned the $ 200,000 to the trust. Christina, as trustee of the trust, signed a note in which the trust agreed to repay John the $ 200,000 on demand. The note stated that it was not to bear interest until 30 days after demand. Finally, the trust used the $ 200,000 to purchase a certificate of deposit from the bank. When the certificate matured on October 27, 1981, the trust reinvested the $ 200,000 in another certificate of deposit from the bank. Petitioners deducted the interest they paid on the $ 200,000 that they had borrowed from the bank on their 1981 and 1982 Federal income tax returns. The trust reported the interest earned on the certificates of deposit on its Federal income tax returns for the years at issue. The trustee distributed all the interest to the beneficiaries (petitioners' minor children). In late 1982, John demanded to be repaid the $ 200,000 that he had loaned to the trust. The trust then repaid John the $ 200,000 and terminated. Respondent audited petitioners' joint Federal income tax returns for the years at issue and determined, among other things, that the interest *383 earned by the trust was includable in petitioners' gross income. OPINION The issue for decision is whether the interest received by the trust is includable in petitioners' gross income. Respondent argues that the interest is includable in petitioners' income pursuant to the grantor trust rules of sections 671 through 678. Section 671 provides that if a grantor is treated as the owner of any portion of a trust, all the income, deductions, and credits attributable to that portion are included in his income. Section 674(a) requires the grantor to be treated as the owner of any portion of a trust in respect of which the beneficial enjoyment of the corpus or the income therefrom is subject to a power of disposition, exercisable by the grantor without the approval or consent of an adverse party. . In this case, the facts leave no doubt that John had the right to demand immediate repayment of the entire $ 200,000 of trust corpus. That right enabled him to exercise complete control over the beneficial enjoyment of the corpus at any time by simply demanding it and using it as he saw fit. In these circumstances, *384 we agree with respondent that section 674(a) requires petitioner to be treated as the owner of the $ 200,000. , affd. without published opinion . We accordingly hold that the interest received by the trust is includable in petitioners' gross income pursuant to sections 671 and 674 as respondent determined. We consider it to be irrelevant whether, as petitioners argue, they could have avoided being taxed on the interest from the $ 200,000 by simply loaning it interest free directly to their children. As it is often said, what taxpayers actually did, rather than what they might have done, controls their Federal tax liability. . Our holding here does not, as petitioners suggest, "create an owner of a trust out of any person who makes a demand loan to a trust." It merely, to use petitioners' phraseology, creates an owner of a trust out of a grantor who makes a demand loan to a trust, and then only to the extent of the demand loan. As we have concluded that petitioner is treated *385 as the owner of the $ 200,000 under section 674(a), we need not address respondent's arguments that sections 673(a) and 676 also require that petitioner be treated as the owner. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect in the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted. * 50 percent of the interest due on an underpayment of $ 3,938. ** 50 percent of the interest due on an underpayment of $ 4,748. ↩